1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JERRY DANIEL PROFFITT,

11            Petitioner,              No. CIV S-06-2143 GEB GGH P

12      vs.

13   RICH SUBIA, Warden,

14            Respondent.           ORDER and FINDINGS &

15   _____/   RECOMMENDATIONS

16            Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17   habeas pursuant to 28 U.S.C. § 2254.[1]  Petitioner was sentenced to a term of 24 years pursuant to

18   a guilty plea to two counts of Cal. Penal Code § 288.5 (continuous sexual abuse of a child).

19   Lodged Doc. 21, Appendix A, Plea Agreement.  He appears to be challenging the conviction and

20   sentence arising from his plea on the grounds that there is evidence regarding Miranda Proffitt

21   (apparently, one of the victims) and evidence that, the other apparent victim, Tina Proffitt, made

22   allegations against four foster parents in Redding and a group home, such that the allegations

23

24         [1] Although a purported amended petition was filed on February 27, 2007, it will be
     disregarded because it concerns plaintiff's grievances (without actually naming individuals) as to
25   the manner of his transport to the hospital for a vaguely described medical condition in February,
     2003, allegations that, if amended, might support a civil rights action under 42 U.S.C. § 1983,
26   but are wholly unrelated to any issue implicated in this action pursuant to 28 U.S.C. § 2254.

                                              1

1  against petitioner were false, and that no DNA or forensic evidence or investigation supports his

2  conviction (insufficient evidence).  Petition, pp. 4-5.  Another ground for relief he may be

3  seeking to set forth, at least as found among his randomly attached exhibits, is that he received

4  ineffective assistance of counsel with respect to the plea agreement.  Petition, pp. 23-27.

5       Petitioner has requested the appointment of counsel.  There currently exists no

6  absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d

7  453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at

8  any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing

9  § 2254 Cases.  In the present case, the court does not find that the interests of justice would be

10  served by the appointment of counsel at the present time.

11       Pending before the court is respondent's motion to dismiss the petition as barred

12  by the one-year statute of limitations and as unexhausted, which petitioner has opposed.[2]

13       Among his litany of requests, petitioner has requested that the name of Warden

14  Rich Subia be substituted for that of Roseanne Campbell, as respondent, which request the court

15

16  [2] Petitioner has filed an inordinate number of requests and "motions," more than eighty-five (85), up to five filings on the same day, many of which are not related to the conviction that

17  is at issue herein; for example, on December 14, 2006, plaintiff filed a "motion to grant court order" which references a civil complaint wherein he seeks money damages for alleged

18  misconduct on the part of unnamed prison officials in failing to protect him in 2002.  On the same day, petitioner filed a "motion for court order," regarding an alleged delay by unnamed

19  Mule Creek State Prison officers in transporting him for treatment of an unspecified medical condition.  Filings of December 14, 2006 and December 26, 2006.  A number of his repetitive

20  requests contain multiple case numbers in the case caption and/or a number of filings and concern his desire to have the Redding Police Department produce video and audiotapes from

21  May, 2001, to be allowed to take depositions, to be allowed to see his children, to be transferred to Sacramento County Jail, for a grand jury hearing or inquest.  See, e.g., filings of November 15,

22  2006, November 21, 2006, November 29, 2006, December 15, 2006, December 18, 2006, December 26, 2006, December 27, 2006, January 5, 2007, January 23, 2007, March 22, 2007.

23  Petitioner seeks money damages from his counsel for his alleged failings in representing him at the plea/conviction stage, from the [Redding] police department and from the Shasta County

24  District Attorney's Office, etc., that is, apparently from anyone who was involved in the investigation of the crimes to which he pled guilty, his prosecution, his conviction, and his

25  subsequent incarceration.  "Motion for Court Order," filed on December 15, 2006.  As noted earlier, on February 27, 2007, petitioner also filed a purported amended petition, which makes

26  allegations of inadequate medical care and would be appropriate only in the context of an action pursuant to 42 U.S.C. § 1983.  Petitioner's superfluous and inapposite filings will be disregarded.

1 grants.

2 <u>Motion to Dismiss</u>

3          Although respondent also moves for dismissal on the alternate ground that the

4 petition is unexhausted, respondent avers that the petition should be dismissed as barred by the

5 statute of limitations, rendering dismissal for lack of exhaustion futile.  Motion to Dismiss

6 (MTD), p. 13. [3]

7          The statute of limitations for federal habeas corpus petitions is set forth in 28

8 U.S.C. § 2244(d)(1):

9          A 1-year period of limitation shall apply to an application for a writ
           of habeas corpus by a person in custody pursuant to the judgment
10         of a State court.  The limitation period shall run from the latest of–

11         (A) the date on which the judgment became final by the conclusion
           of direct review or the expiration of the time for seeking such
12         review;

13         (B) the date on which the impediment to filing an application
           created by State action in violation of the Constitution or laws of
14         the United States is removed, if the applicant was prevented from
           filing by such State action;
15
           (C) the date on which the constitutional right asserted was initially
16         recognized by the Supreme Court, if the right has been newly
           recognized by the Supreme Court and made retroactively
17         applicable to cases on collateral review; or

18         (D) the date on which the factual predicate of the claim or claims
           presented could have been discovered through the exercise of due
19         diligence.

20         Petitioner did not appeal his conviction timely. [4]  Therefore, his conviction became

21 final 60 days after the Shasta County Superior Court denied his motion to withdraw his guilty

22

23 _____

24          [3] As noted below, a prior petition in this court has previously been dismissed for
     exhaustion failure.

25          [4] <u>See</u> Lodged Document 20, a July 18, 2003, Shasta County Superior Court denial of one
     of petitioner's myriad habeas petitions (<u>see</u> following discussion), wherein it is noted that
26   petitioner's December 10, 2001, notice of appeal had not been filed timely.

1    plea, on August 20, 2001, i.e. on October 19, 2001.[5]   Lodged Document (Doc.) 2; see Cal. Rules

2    of Court, Rule 8.308(a) (former Rule 31).  The statute of limitations began to run the next day, on

3    October 20, 2001.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner had one

4    year, counting from October 20, 2001, that is, until October 19, 2002, to file a timely federal

5    petition, absent applicable tolling.

6          Section 2244(d)(2) provides that the time during which a properly filed

7    application for State post-conviction or other collateral review with respect to the pertinent

8    judgment or claim is pending shall not be counted toward any period of limitation.  In Artuz v.

9    Bennett, 531 U.S. 4, 8, 1215 S.Ct. 361, 364 (2000), the Supreme Court clarified that to be

10   "properly filed" under 28 U.S.C. § 2244(d)(2), a state petition must, among other things, be

11   "delivered to, and accepted by, the appropriate court officer..."  The court now considers whether

12   petitioner is entitled to tolling pursuant to § 2244(d)(2).

13         In Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134 (2002), the United States

14   Supreme Court found that habeas petitioners are entitled to tolling of the limitations period under

15   28 U.S.C. § 2244(d)(2) between the period of time after which a habeas petition is denied at a

16   lower level and then filed at a higher one to the extent that petitioner seeks higher court review of

17   the lower court's decision.  For purposes of § 2244(d)(2), the Supreme Court has recently held, a

18   petitioner is entitled to interval tolling only for petitions that were timely filed under state law.

19   Evans v. Chavis, 546 U.S. 189, 126 S. Ct. 846, 849 (2006).  In most states, a statute sets forth a

20   time period, such as 30 or 60 days, for the filing of a timely appeal.  Id., 126 S. Ct. at 849.  Under

21   California law, the notice of appeal is timely if filed within a "reasonable time."  Id., 126 S. Ct. at

22   849 (citing In re Harris, 5 Cal. 4th 813, 828 n. 7, 21 Cal. Rptr. 2d 373 (1993)).

23         Respondent has lodged the fourteen pro se post-conviction challenges filed by

24   petitioner.  Respondent does not dispute that petitioner is entitled to the benefit of the mailbox

25

26         [5] Respondent calculates the date of finality from the motion denial, not the earlier date of
     sentence, on June 7, 2001.  Motion, p. 5 & footnote 3; Lodged Documents 1-2.

4

1  rule (MTD p. 7, n. 7), providing that a prisoner's federal habeas petition should be considered

2  filed at the time he gave it to prison authorities, pursuant to <u>Houston v. Lack</u>, 487 U.S. 266,

3  275-76, 108 S.Ct. 2379, 2385 (1988); <u>Jenkins v. Johnson</u>, 330 F.3d 1146, 1149 n. 2 (9th Cir.

4  2003), citing <u>Saffold v. Newland</u>, 250 F.3d 1262, 1268 (9th Cir. 2000), vacated and remanded on

5  other grounds by <u>Carey v. Saffold</u>, 536 U.S. 214, 122 S. Ct. 393 (2002).[6]  Because the date the

6  petition is signed, as respondent also observes, could be the filing date of the habeas petition,

7  <u>Jenkins v. Johnson</u>, <u>supra</u>, at 1149  n. 2, the court will provide the filing dates, per the mailbox

8  rule, parenthetically after the court-stamped filing dates respondent has supplied.

9        The first petition was filed in the Shasta County Superior Court on February 4,

10  2002 (January 29, 2002),[7] and denied on March 7, 2002.  Lodged Docs. 3 & 4.  The second

11  petition was filed in Shasta County Superior Court on July 12, 2002 (July 9, 2002), and denied

12  on July 26, 2002.  Lodged Docs. 5 & 6.  The third petition was filed in the Third District Court of

13  Appeal, on September 18, 2002 (August 23, 2002), which was denied on December 19, 2002.

14  Lodged Docs. 7 & 8.  The fourth petition was filed in Shasta County Superior Court (evidently

15  while the third petition was still pending in the appellate court) on September 26, 2002

16  (September 22, 2002), and was denied on October 1, 2002.  Lodged Docs. 9 & 10.  The fifth

17  petition was filed in the Third District Court of Appeal on November 20, 2002 (November 15,

18  2002), and denied on December 19, 2002.  Lodged Docs. 11 & 12.  The sixth petition was filed

19  in Shasta County Superior Court on December 27, 2002 (December 23, 2002), and denied on

20  January 14, 2003.  Lodged Docs. 13 & 14.  The seventh petition was filed in the Third District

21

22      [6] In <u>Saffold</u>, at 1268, the Ninth Circuit held not only that the mailbox rule should apply to

23  federal habeas petitions, but also to the filing of state habeas petitions for purposes of applying the AEDPA statute of limitations.

24      [7] Petitioner expressly challenges application of the mailbox rule to the first petition

25  because it is unsigned and undated, with no proof of service (MTD, p. 6, n. 5); however, it is attached to and accompanied by a signed and dated request for appointment of counsel, and the petition was accepted for filing in the state court.  Lodged Doc. 2.   This court will deem the

26  petition filed as of January 29, 2002.

1  Court of Appeal on January 3, 2003 (December 27, 2002) (while, apparently, prior petition – no.

2  6 – was still pending), and denied on January 16, 2003.  Lodged Docs. 15 & 16.  The eighth

3  petition was filed in Shasta County Superior Court on March 4, 2003 (March 1, 2003), and

4  denied on March 6, 2003.  Lodged Docs. 17 & 18.  The ninth petition was filed in Shasta County

5  Superior Court on June 25, 2003 (June 13, 2003), and was denied on July 18, 2003.  Lodged

6  Docs. 19 & 20.  The tenth petition was filed in the Third District Court of Appeals on August 29,

7  2003 (August 10, 2003), and denied on September 25, 2003.  Lodged Docs. 21 & 22.  The

8  eleventh petition was filed in the California Supreme Court on November 6, 2003 (October 14,

9  2003), and denied on March 30, 2004.  Lodged Docs. 23 & 24.  The twelfth petition was filed in

10  the Third District Court of Appeal on August 9, 2005 (August 5, 2005), and denied on August

11  18, 2005.  Lodged Docs 25 & 26.  The thirteenth petition was filed in the Third District Court of

12  Appeal on April 26, 2006 (April 24, 2006), and denied on May 4, 2006.  Lodged Docs. 27 & 28.

13  The fourteenth petition was filed in the California Supreme Court on May 25, 2006, and is still

14  pending (or was at the time this motion was filed).  Lodged Docs. 29 & 30.  Petitioner's prior pro

15  se federal habeas petition, Case No. 04-0966 GEB GGH P, was filed on May 18, 2004, was

16  assigned to the Honorable Garland E. Burrell, Jr., and the undersigned, and was dismissed, on

17  March 7, 2006, for petitioner's failure to exhaust state court remedies.  Lodged Docs. 32 & 33.[8]

18  The instant petition was filed on September 27, 2006.

19         Notwithstanding respondent's contention that the filing date for the first state

20  court habeas petition was February 4, 2003, amounting to 107 days elapsed (MTD, p. 6), the

21  court finds that 101 days of the statute ran between the time the judgment was final on October

22  20, 2001, until the filing of the first state court habeas petition, on January 29, 2003.  Therefore,

23

24      [8] The court separately takes judicial notice of Proffitt v. Kernan, CIV-S-04-0966 GEB
    GGH P, observing that while this court did not then reach it, the undersigned noted that the
    statute of limitations bar was raised as a separate ground for dismissal in the prior petition.  See
25  Lodged Doc. 32. (Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp.,
    80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S.
26  1126 (1981)).

1    there were 264 days left to run on the statute at the point at which tolling was commenced.

2    Because the court finds that the petition is statutorily time-barred under an alternative ground

3    raised by respondent, the court need not engage in parsing time from certain of the several

4    intervals between successive petitions which might be precluded from tolling under Evans v.

5    Chavis, 546 U.S. 189, 126 S. Ct. 846 (2006).  Rather, the court will liberally construe that

6    petitioner is entitled to tolling until the denial of the eighth petition on March 6, 2003.

7            However, in denying the ninth state court petition, on July 18, 2003, wherein

8    petitioner raises, in the Shasta County Superior Court, the claim of ineffective assistance of

9    counsel for counsel's failure to file a timely notice of appeal, that court denied the petition as

10   untimely citing, inter alia, In re: Robbins, 18 Cal.4th 770 (1998).  Lodged Doc. 20.  Respondent

11   correctly contends that petitioner is not entitled to statutory tolling for the time his petition was

12   pending in the state superior court based on the Robbins citation, pursuant to Pace v.

13   DiGuglielmo, 544 U.S. 408, 414, 12 S. Ct. 1807, 1812 (2005) ("[w]hen a postconviction petition

14   is untimely under state law, 'that [is] the end of the matter" for purposes of § 2244(d)(2).")  In

15   Pace, the Supreme Court held that statutory tolling is not available for the period a petition is

16   under consideration if it is dismissed as untimely.  Thereafter, the tenth petition to the state

17   appellate court and the eleventh petition to the state supreme court were filed, raising the same

18   state time-barred claim, and each petition receiving postcard denials, that is, without comment or

19   citation, and the denial of the state supreme court petition was filed on March 30, 2004.

20           As respondent contends MTD, pp. 11-12, under Ylst v. Nunnemaker, 501 U.S.

21   797, 803, 111 S. Ct. 2590 (1991), it is presumed that the later reviewing courts did not silently

22   disregard the last reasoned opinion that the claim was procedurally defective.  Thus, it is

23   appropriate to "look through" unexplained orders "to the last reasoned decision...."  Id., at 804,

24   111 S. Ct. 2590.  Therefore, petitioner is not entitled to tolling from March 6, 2003, through

25   March 30, 2004, and beyond.  The remaining 264 days which the court has generously granted

26   petitioner by discounting, between March 7, 2002, until March 6, 2003, any of the periods to

1   which petitioner arguably was not entitled to tolling, elapsed on November 25, 2003.  The instant

2   petition, as noted, was filed on September 27, 2006, some 1037 days late, almost three years

3   beyond the statutory filing period.  Thus, it is that even petitioner's prior federal habeas petition,

4   Case No. 04-0966 GEB GGH P, filed on May 18, 2004, at least with the application of the

5   reasoning of Pace, supra, (decided later) would be deemed statutorily untimely (by some six

6   months).  In any event, as respondent observes (MTD, p. 12), the pendency of the earlier federal

7   petition does not extend the AEDPA statute of limitations, even assuming it had been filed

8   timely.  Duncan v. Walker, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001).

9           As the undersigned has found that the instant petition has been filed significantly

10  beyond the statutory limitations even with the broadest application of statutory tolling, unless

11  petitioner is entitled to equitable tolling, the petition is time-barred.  "Generally, a litigant

12  seeking equitable tolling bears the burden of establishing two elements: (1) that he has been

13  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

14  Pace, supra, at 418, 125 S. Ct. at 1814; Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002)

15  (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid

16  dismissal of an untimely petition).  "Equitable tolling is unavailable in most cases," and is only

17  appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to

18  file a petition on time."  Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis

19  added in Miranda]).  A petitioner must reach a "very high" threshold "to trigger equitable tolling

20  [under AEDPA]...lest the exceptions swallow the rule."  Id.

21          The court will construe as petitioner's composite opposition, as did respondent

22  (Reply, pp. 1-2), three filings: on December 4, 2006, his "motion to grant relief"; on December 5,

23  2006, his "motion to grant relief to dismiss respondent's claim"; and on December 6, 2006, his

24  "motion for conclusion of the motion...."[9]  To the extent that petitioner argues his entitlement to

25

26          [9] The court will characterize each as an opposition, distinguishing each by its filing date.

1     the mailbox rule, the court has made that provision in the previous discussion.  Opposition

2     (Opp.), filed on 12/4/06.  Petitioner also maintains that because his original petition was

3     dismissed for failure to exhaust state court remedies and he has now purportedly exhausted such

4     claims, i.e, "what the U.S. District Court wanted," that he did not thereby exceed time

5     limitations.  Opposition (Opp.), filed 12/6/06,  p. 2.  This misconception as to the running of the

6     statute of limitations is not a sufficient argument for equitable tolling, even if he relied on the

7     dismissal of the initial federal habeas on grounds that he had failed to exhaust state court

8     remedies.  In the <u>Findings and Recommendations</u>[10] that were adopted by the <u>Order</u> dismissing

9     that petition, the undersigned cautioned expressly that "[t]he court makes no finding regarding

10     respondent's argument that the petition is barred by the statute of limitations."  Lodged Docs. 32,

11     p. 2 & 33.

12           Petitioner also contends that he is actually innocent, but, inter alia, does not have

13     access to the vaguely described police video and audiotapes that he argues will support his claim.

14     Opp., filed on 12/5/06, pp. 3-4.  He argues that insufficient evidence supports the conviction and

15     otherwise seeks to demonstrate his claims on the merits (although he has not actually set forth all

16     of the claims he makes in his arguments as grounds for relief within the instant petition), that he

17     was denied effective assistance of counsel, that his plea was involuntary.  Although a claim of

18     actual innocence might stand as a basis for ignoring the statute of limitations, the basis for his

19     claim remains tenuous and speculative at best and simply not sufficiently supported, even in light

20     of his excessive filings in this action.  This court finds that respondent's motion to dismiss

21     should be granted as untimely, and therefore, with prejudice.  The court need not reach any other

22     ground for dismissal.[11]

23

24        [10] The undersigned also noted that petitioner had failed to oppose the motion to dismiss in that case, which failure "should be deemed a waiver of opposition to the granting of the motion." Lodged Doc. 32, p. 1.

25

26        [11] Although on the face of it, it also appears that petitioner has not even yet fully exhausted his claims before this court, i.e., by providing the highest state court with a full and

1   Accordingly, IT IS HEREBY ORDERED that:

2   1.   Petitioner's motions/requests for appointment of counsel, filed on December

3   21, 2006, January 5, 2007, and May 3, 2007, are denied without prejudice;

4   2.   Petitioner's March 2, 2007, motion to substitute Warden Rich Subia for

5   Roseanne Campbell, as respondent, is granted, and the Clerk is directed to note the substitution

6   in the docket of this case;

7   3.   Petitioner's putative amended petition, filed on February 27, 2007, is

8   disregarded as wholly inapposite;

9   4.   Petitioner's remaining requests, putative motions, and other filings unrelated to

10   the motion to dismiss or petitioner's opposition thereto, are similarly disregarded.

11   IT IS RECOMMENDED that respondent's motion to dismiss the petition as

12   barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d), filed on November 29, 2006,

13   be granted, and this case be dismissed with prejudice.

14   These findings and recommendations are submitted to the United States District

15   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

16   days after being served with these findings and recommendations, any party may file written

17   objections with the court and serve a copy on all parties.  Such a document should be captioned

18   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19   shall be served and filed within ten days after service of the objections.  The parties are advised

20   \\\\\

21   \\\\\

22   \\\\\

23   \\\\\

24   

25   fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986), which, in any event, is an endeavor which would be fruitless at

26   this point.

1 that failure to file objections within the specified time may waive the right to appeal the District

2 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3 DATED: 8/3/07

4                                                                    /s/ Gregory G. Hollows

5                                                                    GREGORY G. HOLLOWS
                                                                     UNITED STATES MAGISTRATE JUDGE

GGH:009/prof2143.mtd

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

11